# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONNELL D. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-680-SNL |
| | ) |
| CORRECTIONS MEDICAL SERVICES, | ) |
| BETTY JOHNSON, ELIZABETH CONLEY, | ) |
| J. SULLTROP, TYMBER SPRAY and | ) |
| UNKNOWN NALAGAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Donnell D. White (registration no. 48691) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $44.58 and an average monthly account balance of $26.97. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.92, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff, an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Correctional Medical Services (CMS), Betty Johnson (Health Services Administrator), Elizabeth Conley (Regional Medical Director, CMS and ERDCC), J. Sulltrop (Health Services Administrator, CMS and ERDCC), Tymber Spray (Director of Nursing, ERDCC) and Unknown Nalagan (medical doctor, ERDCC).[1] Plaintiff alleges that he has a hypertrophic bone spur in the heel of his left foot, plantar warts on both feet and is flat footed. He states that, as a result of these conditions, he suffers severe pain.

Plaintiff alleges that defendant Nalagan ordered X-rays of his left foot, medication for the pain and insoles for him to wear. When plaintiff complained that the insoles did not ease his pain, defendant Nalagan treated him by "chipping away parts" of the plantar warts. Plaintiff alleges that defendant Nalagan's failure to remove the warts entirely intensified the pain in his feet. He asserts that this caused him to limp, which resulted in knee and back pain.

Plaintiff alleges that defendant CMS was responsible for employing defendants Johnson, Conley, Sulltrop and Spray. Plaintiff further asserts that CMS disapproved a request by defendants Spray and Nalagan to send him to a foot specialist because it would "cost too much." As to defendant Johnson, Conley and Sulltrop, plaintiff asserts that said defendants reviewed his medical files, medical requests and complaint but failed to authorize appropriate treatment.

**Discussion**

---

[1] In the caption of the complaint, plaintiff has listed "Corrections Medical Services" as defendant. It is clear from the Statement of Claim that plaintiff intends to sue "Correctional Medical Services." As such, the Court will construe this action as brought against Correctional Medical Services.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's claims against defendants fail to survive review under § 1915(e)(2)(B) and should be dismissed at this time.

As the Supreme Court stated in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), to state a claim for medical mistreatment in violation of the Eighth Amendment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Id.* Plaintiff's claims against defendant Nalagan amount to a disagreement with his course of treatment, and, although they may be cognizable as a negligence or medical malpractice claim under state law, they are insufficient to sustain a constitutional violation. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Madison-Bey v. Correctional Medical Services*, No. 05-2418, slip op. at 2 (8th Cir. May 11, 2006) (allegations amounting to mere disagreement with the course of treatment or negligence insufficient to state a claim for deliberate indifference). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. For these reasons, the complaint is legally frivolous as to defendant Nalagan.

Secondly, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Mayorga v. Missouri*, No. 05-2762, slip op. at 6 (8th Cir. March 30, 2006) (citations omitted) (plaintiff in § 1983 action ". . . must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."). Plaintiff fails to allege any specific facts indicating that defendants Johnson, Conley, Sulltrop and Spray were directly involved in or personally responsible for the alleged deprivation of his constitutional rights. Alternatively, assuming *arguendo*, that plaintiff's

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

allegations were sufficient to indicate personal involvement or direct responsibility for incidents that injured plaintiff, as with defendant Nalagan, they are insufficient to sustain a constitutional violation. Thus, the complaint is legally frivolous as to said defendants.

Lastly, plaintiff's complaint fails to state a claim as to defendant CMS because plaintiff did not allege that he suffered harm as a result of an unconstitutional policy or custom of CMS. *Madison-Bey,* slip op. at 2 (citing *Burke v. N.D. Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (corporation acting under color of state law may be liable only if policy, custom, or action by those who represent official policy inflict injury actionable under § 1983). Moreover, as with the other defendants, plaintiff's claims are insufficient to state a constitutional violation. Thus, the complaint is legally frivolous as to defendant CMS.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $8.92 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Dated this 19th day of May, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com